J-S45012-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHARLES ROBERT THOMAS, | : | |
| | : | |
| Appellant | : | No. 1506 MDA 2017 |

Appeal from the Judgment of Sentence August 30, 2017
in the Court of Common Pleas of York County
Criminal Division at No(s):  CP-67-CR-0001002-2017,
CP-67-CR-0001004-2017

BEFORE:   OTT, J., MUSMANNO, J., and PLATT*, J.

MEMORANDUM BY MUSMANNO, J.:               **FILED OCTOBER 31, 2018**

Charles Robert Thomas ("Thomas") appeals from the judgment of sentence imposed following his plea of *nolo contendere* to two counts of receiving stolen property.  **See** 18 Pa.C.S.A. § 3925(a).  Additionally, Thomas's counsel, Joseph N. Gothie, Esquire ("Attorney Gothie"), has filed a Petition to Withdraw as Counsel and an accompanying brief pursuant to **Anders v. California**, 386 U.S. 738, 744 (1967).  We grant Attorney Gothie's Petition to Withdraw, and affirm the judgment of sentence.

On multiple occasions in December 2016, two male individuals were observed loading quantities of stone into a Chevrolet Colorado pickup truck and transporting the stone to Thomas's house, where he was constructing a retainer wall.  The stone was owned by Mark McNaughton, a home developer, who had deposited the stone in various development lots for future use.  Upon

_____

* Retired Senior Judge assigned to the Superior Court.

being questioned by police, the male individuals reported that Thomas had instructed them to obtain the stone from the development lots. Thomas was charged with one count of receiving stolen property at two separate dockets.

On August 30, 2017, Thomas agreed to plead *nolo contendere* to each of the receiving stolen property counts at each docket in exchange for paying $220 in restitution. The trial court accepted the plea and imposed the agreed-upon sentence. Thomas filed a timely Notice of Appeal.[1] The trial court directed Thomas to file a Pa.R.A.P. 1925(b) concise statement. Thomas did not file a concise statement.[2]

Attorney Gothie filed an **Anders** Brief and a Petition to Withdraw as Counsel with this Court. In his **Anders** Brief, Attorney Gothie raises the following issue on appeal: "Whether the plea of [Thomas] was voluntary or otherwise legal under the circumstances?" **Anders** Brief at 1 (italics removed).

_____

[1] Thomas failed to file a separate notice of appeal for each docket as required by Pa.R.A.P. 341. **See Commonwealth v. Walker**, 185 A.3d 969, 971 (Pa. 2018) (holding that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case."). Because Thomas's notice of appeal was filed prior to our Supreme Court's decision in **Walker**, which applies prospectively, **see id.**, we will not quash Thomas's appeal.

[2] We will excuse this failure due to the fact that Attorney Gothie ultimately filed a Motion to Withdraw and an **Anders** Brief. **See generally** Pa.R.A.P. 1925(c)(4) (stating that "[i]n a criminal case, counsel may file of record and serve on the judge a statement of intent to file an [**Anders**] brief in lieu of filing a Statement.").

Before addressing Thomas's issue on appeal, we must determine whether Attorney Gothie has complied with the dictates of **Anders** and its progeny in petitioning to withdraw from representation. **See Commonwealth v. Burwell**, 42 A.3d 1077, 1083 (Pa. Super. 2012). Pursuant to **Anders**, when counsel believes that an appeal is frivolous and wishes to withdraw from representation, he or she must:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the record of arguable merit, and (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or to raise any additional points that he deems worthy of the court's attention. The determination of whether the appeal is frivolous remains with the court.

**Id.** (citation omitted). Additionally, the Pennsylvania Supreme Court has explained that a proper **Anders** brief must

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009).

Here, Attorney Gothie has substantially complied with the requirements set forth in **Anders**. **See Commonwealth v. Wrecks**, 934 A.2d 1287, 1290

(Pa. Super. 2007) (stating that counsel must substantially comply with the requirements of **Anders**).  Specifically, Attorney Gothie indicated that he has made a thorough review of the record and determined that an appeal would be frivolous.  Further, the record contains a copy of the letter that Attorney Gothie sent to Thomas, informing him of Attorney Gothie's intention to withdraw, and advising Thomas of his rights to proceed *pro se*, retain counsel, and file additional claims.[3]  Finally, Attorney Gothie's **Anders** Brief also comports with the requirements set forth by our Supreme Court in **Santiago**.  Because Attorney Gothie has complied with the procedural requirements for withdrawing from representation, we will independently review the record to determine whether Thomas's appeal is, in fact, wholly frivolous.

Thomas contends that his *nolo contendere* plea was involuntarily

---

[3] We note, upon initial review, that Attorney Gothie failed to file either a withdrawal petition or a letter advising Thomas of his rights.  This Court directed Attorney Gothie to cure these defects.  Attorney Gothie did so, but his subsequent letter to Thomas improperly framed Thomas's rights as being contingent upon the granting of Attorney Gothie's Petition to Withdraw.  This Court directed Attorney Gothie to file a new letter, informing Thomas that his right to proceed *pro se* or with private counsel vested immediately.  Attorney Gothie complied.

entered.[4]  ***Anders*** Brief at 4-5.

Initially, for purposes of review, a plea of *nolo contendere* is treated the same as a guilty plea.  ***Commonwealth v. Lewis***, 791 A.2d 1227, 1230 (Pa. Super. 2002).

> Our law is clear that, to be valid, a [*nolo contendere*] plea must be knowingly, voluntarily and intelligently entered.  There is no absolute right to withdraw a [*nolo contendere*] plea, and the decision as to whether to allow a defendant to do so is a matter within the sound discretion of the trial court.  To withdraw a plea after sentencing, a defendant must make a showing of prejudice amounting to "manifest injustice."  A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently.  A defendant's disappointment in the sentence imposed does not constitute "manifest injustice."

***Commonwealth v. Bedell***, 954 A.2d 1209, 1212 (Pa. Super. 2008).  In order to ensure a voluntary, knowing, and intelligent plea, trial courts are required to ask the following questions in the guilty plea colloquy:

> 1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?
>
> 2) Is there a factual basis for the plea?
>
> 3) Does the defendant understand that he or she has the right to a trial by jury?

---

[4] The ***Anders*** Brief in the instant case also includes language suggesting that Thomas is challenging the "discretionary aspects of [his] sentence[.]" ***Anders*** Brief at 4.  This issue is not properly raised in the instant appeal because Thomas entered into a negotiated plea to pay costs and restitution without further penalty.  ***See Commonwealth v. Brown***, 982 A.2d 1017, 1019 (Pa. Super. 2009) (stating that "where a defendant pleads guilty pursuant to a plea agreement specifying particular penalties, the defendant may not seek a discretionary appeal relating to those agreed-upon penalties." (citation removed)).

4) Does the defendant understand that he or she is presumed innocent until found guilty?

5) Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?

6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Id.*; *see also* Pa.R.Crim.P. 590, cmt. "Once a defendant has entered a plea [], it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him." *Commonwealth v. Stork*, 737 A.2d 789, 790 (Pa. Super. 1999). "In determining whether a [*nolo contendere*] plea was entered knowingly and voluntarily, … a court is free to consider the totality of the circumstances surrounding the plea." *Commonwealth v. Flanagan*, 854 A.2d 489, 513 (Pa. 2004). Moreover, the oral colloquy may be supplemented by a written colloquy that is read, completed, and signed by the defendant and made a part of the plea proceedings. *Commonwealth v. Morrison*, 878 A.2d 102, 108 (Pa. Super. 2005).

Here, Thomas indicated at the time of his plea that he understood the English language, that he was not under the influence of alcohol or drugs, and that he did not suffer from any mental illnesses. Written Plea Colloquy, 8/30/17, at 3. Thomas confirmed that he knew and understood the nature of the charges, the factual basis of the plea, and that the judge was not bound by the terms of the plea agreement. Written Plea Colloquy, 8/30/17, at 4, 7-8; N.T., 8/30/17, at 5. Further, Thomas indicated that he understood the

permissible range of sentences and fines, indicated that he was not made any promises other than the plea agreement, and understood that the judge did not have to accept the plea agreement. Written Plea Colloquy, 8/30/17, at 6-8. Thomas also acknowledged that by entering the plea, he was foregoing certain rights, including the presumption of innocence, the right to file pre-trial motions, and the right to a jury trial. *Id.* at 4-6; N.T., 8/30/17, at 4-5. Finally, Thomas expressed satisfaction with his legal representation. Written Plea Colloquy, 8/30/17, at 9. Based upon the foregoing, we conclude that Thomas's plea of *nolo contendere* was knowingly, voluntarily, and intelligently given. **See Commonwealth v. Kelly**, 5 A.3d 370, 382 n.11 (Pa. Super. 2010) (stating that "[a] defendant is bound by the statements he makes during his plea colloquy, and may not assert grounds for withdrawing the plea that contradict statements made when he pled." (citation omitted)). Accordingly, Thomas's claim is frivolous.

Further, our independent review of all the proceedings discloses no other non-frivolous issues that Thomas could raise on appeal. **See Commonwealth v. Dempster**, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*). Thus, we grant Attorney Gothie's Petition to Withdraw, and affirm Thomas's judgment of sentence.

Petition to Withdraw granted; judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/31/2018